J. P. CARPIO, dba
J. P. CARPIO & ASSOCIATES, Plaintiff

v.

J. K. ENTERPRISES, a Guam Corporation,
JHOON KI CHUNG, DOE ONE, DOE TWO, DOE THREE,
Defendants

Civil No. 285-80
Superior Court of Guam
May 22, 1980

- - - - -

WEEKS, Judge

## DECISION AND ORDER

This matter came on for hearing on May 14, 1980 to consider defendant's motion for an order quashing a writ of attachment issued on certain real property of defendant dated April 25, 1980. Both parties appeared through their respective counsels. The Court ruled to reserve decision.

Defendant bases his motion on the unconstitutionality of §537(1) of the Guam Code of Civil Procedure. After reviewing

58

the statute and applicable cases, this Court rules to grant defendant his motion for the following reasons.

For many years the unconstitutionality of §537(1) of the Code of Civil Procedure has never been seriously doubted or challenged in the legal community as a result of the District Court of Guam's decision in Bank of Hawaii v. Emerson, Civil Case #99-72. The District Court of Guam specifically held unconstitutional §537(1) of the Code of Civil Procedure basing its ruling on the lack of any sort of prior notice or hearing afforded the debtor before the issuance of an ex parte writ of attachment on the debtor's property. These fundamental considerations of due process were originally declared in Snaidach v. Family Finance Corp., 95 U.S. 337 (1969), and Randone v. The Appellate Department 5 Cal. 3d 536 (1971), which specifically held unconstitutional California's ex parte writ of attachment statute §537(1), after which Guam's statute was fashioned. Based on the above cited cases, it has been unquestioned for the past several years that Guam's §537(1) is no longer of any force or effect.

It is the position of this Court today to reiterate the holding of the District Court of Guam invalidating Guam's ex parte writ of attachment statute §537(1) of the Code of Civil Procedure.

Defendant's motion to discharge the writ of attachment issued against certain real property dated April 25, 1980 is hereby GRANTED.

SO ORDERED.